# UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## SENTENCING MINUTE SHEET

| | | | |
|---|---|---|---|
| CR No: 22-1319 WJ | | USA vs. Archuleta | |
| Date: 8/29/2024 | | Name of Deft: Amadius Archuleta | |

**Before the Honorable:** Chief District Judge William P. Johnson

| | | | |
|---|---|---|---|
| Time In/Out: | 11:14am – 11:34am / 12:16pm – 1:00pm | Total Time in Court (for JS10): | 1 hour and 4 minutes |
| Clerk/Law Clerk(s): | R. Garcia/Emily Franke, Taylor Rafaly, Alexis Salas | Court Reporter: | M. Loughran |
| AUSA: | Zachary Jones for Alexander Flores | Defendant's Counsel: | Daniel Snyder |
| Sentencing in: | Albuquerque, NM | Interpreter: | N/A |
| Probation Officer: | Jon-Paul Barabe | Interpreter Sworn? | Yes / No |

| Convicted on: | **X** Plea | ☐ Verdict | As to: | **X** Information | ☐ Indictment |
|---|---|---|---|---|---|
| If Plea: | **X** Accepted | ☐ Not Accepted | Adjudged/Found Guilty on Counts: | | |
| If Plea Agreement: | **X** Accepted | ☐ Not Accepted | ☐ No Plea Agreement | Comments: 11(c)(1)(C) | |
| Date of Plea/Verdict: | 9/15/2023 | PSR: ☐ Not Disputed **X** Disputed | **X** Courts adopts PSR Findings | | |
| Evidentiary Hrg: | **X** Not Needed | ☐ Needed | Exceptions to PSR: | The Court will allow the Defendant's version of events to be included in the PSR. | |

| **SENTENCE IMPOSED** | Imprisonment (BOP): | 24 months | |
|---|---|---|---|
| Supervised Release: 15 years | | | Probation: |

| REC | **X** | BOP 500-hour RDAP Program | **X** | BOP Sex Offender Program | Other: |
|---|---|---|---|---|---|
| ICE | ☐ | Court recommends ICE begin removal proceedings immediately or during service of sentence | | | ☐ ICE not applicable |

## SPECIAL CONDITIONS OF SUPERVISION

| | | | | |
|---|---|---|---|---|
| ☐ | If the Defendant is deported, he shall not re-entry the U.S. without legal authorization | | ☐ | Home confinement for months/days |
| ☐ | Comply with ICE laws and regulation | | ☐ | Community service of X hours |
| **X** | Participate in outpatient substance abuse treatment program | | **X** | Reside at halfway house for up to 180 days |
| **X** | Submit to substance abuse testing not to exceed 60 test per year | | **X** | Undergo a sex offense-specific assessment and participate in sex offender treatment program, if deemed necessary |
| **X** | Participate in/successfully complete mental health treatment program | | **X** | If recommended in the sex offense-specific assessment, you must begin attending and participating in sex offender treatment consistent with the recommendations of the evaluation |
| ☐ | Must take all mental health medications that are prescribed by your treating physician | | ☐ | Register as sex offender |
| **X** | Must not use/possess alcohol and submit to no more than 4 tests a day | | ☐ | Participate in sex offender treatment program |
| **X** | Submit to search of person/property | | **X** | Possess no sexual material unless deemed unnecessary by sex offender assessment. |
| **X** | No contact with victim or family, directly or indirectly | | ☐ | No computer with access to online services |
| ☐ | No entering or loitering near victim's residence | | **X** | No contact with children under 18 years |
| ☐ | Provide financial information | | **X** | No volunteering where children supervised |
| **X** | Waive right of confidentiality for treatment providers | | **X** | Restricted from occupation with access to children |
| ☐ | Must not knowingly use or possession of synthetic cannabinoids, etc. | | **X** | No loitering within 100 feet of school yards |
| ☐ | No possession of a firearm, ammunition, destructive device or any other dangerous weapon | | **X** | Participate in an educational/vocational program |
| ☐ | You must not possess, sell, offer for sale, transport, cause to be transported, cause to affect interstate commerce, import, or export any drug paraphernalia | | ☐ | Participate in anger management/parenting/domestic violence program |
| **X** | OTHER: Standard Sex offender conditions adopted by the District of New Mexico on July 20, 2018. | | | |

| | | | |
|---|---|---|---|
| | Cooperate and comply with the United States Probation Office's Computer Restriction and Monitoring Program (CRMP) <br><br> Defendant is restricted from travel to Taos County unless approved by Probation. Defendant is to have no contact with the victim or her family if he is approved for travel to Taos County. | | |
| Fine: $ | 0.00 | Restitution: $ | 0.00; The Mandatory Restitution for Sexual Exploitation of Children Act and 18 U.S.C. § 2259 are applicable in this case; however, no claim for restitution has been made by the victim(s). The Court will keep restitution open for 90 days and directs Probation to work with the victim in submitting a restitution request. |
| SPA: $ | 100 | Payment Schedule: **X** Due Immediately | ☐ Waived |
| OTHER: | The defendant is subject to the provisions of the Justice for Victims of Trafficking Act of 2015, which requires the Court to assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). The Court finds the defendant is indigent and not required to pay the $5,000 assessment. The Court believes restitution is more important that a fine to the Government. | | |

| | | | |
|---|---|---|---|
| | Advised of Right to Appeal | **X** | Waived Appeal Rights per Plea Agreement |
| **X** | Remanded into custody | | Voluntary Surrender |
| | Recommended place(s) of incarceration: | | |
| | Dismissed Counts: | | |
| OTHER COMMENTS: | Mr. Jones advises the Court that the Government is in compliance with the Crime Victims Act noting the victim and family are present. <br> Mr. Snyder advises the Court that the PSR and addendums have been reviewed with the client. <br> The Court notes it has serious concerns regarding this 11(c)(1)(C) Plea Agreement; Mr. Jones addresses the Court in support of the parties' 11(c)(1)(C) Plea Agreement. <br> Mr. Snyder addresses the Court in support of the parties' 11(c)(1)(C) Plea Agreement. <br> The Court directs counsel, victim, family, and victim coordinator to move to the courtroom next door to confer re potential testimony at a trial and potential sentence in the matter; Court will move on to the next hearing and come back to this matter after the hearing. <br> Court back in session. <br> Mr. Jones addresses the Court after conferring with the victim and family; notes victim willing to testify and victim and family are amenable to the plea agreement. <br> Mr. Snyder addresses objection to the PSR and inclusion of his client version of events; Court suggests Defendant's version of event be included in the PSR; Mr. Snyder would not object to the Court's suggestion; Mr. Jones does not object. <br> Mr. Jones addresses the Court; recommends a term at the high end of the guideline range of 24 months, a 20-year term of sex offender supervision, restricted travel to Bernalillo County and not Taos County, no direct or indirect contact with the victim, an additional 90 days for the submission of restitution, and imposition of the Victims of Trafficking Act fine. <br> Victim addresses the Court. <br> Mr. Jones continues addressing the Court. <br> Mr. Snyder addresses the Court on behalf of his client; requests the low end of the guideline range, no fine under the Victims of Trafficking Act due to indigency, allow his client to travel within NM including Taos Pueblo, if approved, 5 years of supervision or no more than 10 years. <br> Mr. Snyder reads a letter from the Defendant. <br> PO addresses the Court re travel restrictions; believes a travel restriction to Taos County would be appropriate. <br> The Court waives the Victims for Trafficking Act fine due to indigency and would prefer restitution have priority over any fine; Court will keep restitution open for 90 days; Mr. Jones is not opposed. <br> The Court notes it accept the parties' 11(c)(1)(C) Plea Agreement after Mr. Jones had an opportunity to confer with the victim and family. | | |